UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MICHAEL WIMS,

                              Plaintiff,                       10 Civ. 6128 (PKC)

              -against-                       MEMORANDUM
                                                                                                       AND ORDER

THE NEW YORK CITY POLICE DEPARTMENT,
52ND PRECINCT BRONX NARCOTICS DIVISION,
DETECTIVE D. ROBERTS, SERGEANT E. BECKEL,
SERGEANT A. CAPATO,

                              Defendants.
-----------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

          Plaintiff Michael Wims, proceeding pro se, brings this action against the New York City Police Department ("NYPD"), the 52nd Precinct Bronx Narcotics Division ("PBND"), Detective David Roberts, Sergeant E. Beckel and Sergeant A, Capato pursuant to 42 U.S.C. § 1983, alleging false arrest, malicious prosecution, excessive force and violations of his Fourth, Fifth, Sixth and Fourteenth Amendment rights, arising out of his arrest on December 10, 2009. Defendants have moved to dismiss the Complaint, pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief can be granted. For the reasons stated below, defendants' motion to dismiss is granted.

BACKGROUND

          Plaintiff filed the Complaint on August 17, 2010. (Docket #1.) He alleges that at approximately 10:00 a.m. on December 10, 2009, he was leaving his residence at 1880 Valentine Avenue Bronx, New York, when he was confronted by several detectives. (Compl. ¶ 7.) According to the Complaint, the detectives physically and mentally "brutalized" him, "antagonize[d]" him and

"[taunted] [him] with firearms and harsh yet vulgar language and racial slurs." (Id.) Plaintiff asserts that he was not shown a search warrant. (Compl. ¶ 7.) Plaintiff also claims that the detectives "physical[ly] brutalized [him] through harsh and racially motivated [g]estures and comments." (Id. at p. 4.) Lastly, plaintiff asserts that the detectives did not read him his Miranda rights. (Id. at 3.)

The detectives searched plaintiff's apartment and found in the apartment two loaded firearms and a controlled substance. (See Francolla Decl., "B.") Plaintiff was subsequently arrested and charged with Criminal Possession of a Weapon in the Second Degree and Criminal Possession in the Fifth Degree With Intent to Sell. (Id.) On December 21, 2009, plaintiff entered a plea of guilty to Attempted Criminal Possession of a Weapon in the Second Degree. (See Francolla Decl., "C.")

DISCUSSION

    I.        Motion to Dismiss Pursuant to Rule 12(b)(6)

A pro se complaint is reviewed under a more lenient standard than that applied to "formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). A plaintiff's pro se pleadings "must be read liberally and should be interpreted 'to raise the strongest arguments that they suggest.'" Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

Rule 8(a)(2), Fed. R. Civ. P., requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (ellipsis in original). To survive a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "'Labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 555).

The Supreme Court has described the motion to dismiss standard as encompassing a "two-pronged approach" that requires a court first to construe a complaint's allegations as true, while not bound to accept the veracity of a legal conclusion couched as a factual allegation. Id. Second, a court must then consider whether the complaint "states a plausible claim for relief," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. Although the Court is limited to facts as stated in the complaint, it may consider exhibits or documents incorporated by reference without converting the motion into one for summary judgment. See Int'l Audiotext Network, Inc. v. AT&T, 62 F.3d 69, 72 (2d Cir. 1995). Additionally, "a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)," including arrest reports, criminal complaints, indictments and criminal disposition data. Vasquez v. City of New York, 99 Civ. 4606, 2000 WL 869492, at *1 n.1 (S.D.N.Y. June 29, 2000) (citations omitted); see Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

Defendants move to dismiss plaintiff's claims under Rule 12(b)(6), arguing that plaintiff's guilty plea precludes his claims for false arrest and malicious prosecution, that he has failed to state a claim for excessive force, that two of the defendants are non-suable entities and that the defendant officers are entitled to qualified immunity. (Def. Mem. 1-2.)

In opposition to defendant's motion, plaintiff has not submitted any legal arguments, but instead has set forth additional facts not alleged in the Complaint.[1] A court may not consider the contents of these documents without converting defendants' motion to dismiss into one for summary judgment. See, e.g., Friedl v. City of New York, 210 F.3d 79, 83-84 (2d Cir. 2000) ("a district court errs when it considers affidavits and exhibits submitted by defendants, or relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss.") (internal quotation marks, citations and alteration omitted). However, even if this Court were to generously read the facts set forth in plaintiff's opposition papers as being raised in his Complaint, plaintiff has still failed to state a claim upon which relief can be granted.

II.     Plaintiff's Section 1983 Claims

To state a claim under section 1983, a plaintiff must allege that state officials, acting under color of state law, deprived him of a right guaranteed to him by the Constitution or federal law. 42 U.S.C. § 1983; see Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). Here, plaintiff's claims are predicated on allegations that he was falsely arrested, maliciously prosecuted, subjected to excessive force and deprived of rights, privileges and immunities guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments. The Court will examine each of these claims in turn.

A.      False Arrest

Plaintiff's section 1983 claim for unconstitutional false arrest fails because plaintiff

---

[1] Local Rule 7.1 requires "all motions and all oppositions thereto . . . [to] be supported by memorandum of law. . . . Failure to comply with this rule may be deemed sufficient cause for the denial of a motion or for the granting of a motion by default." Here, the plaintiff did not submit a memorandum of law in opposition to defendants' motion to dismiss; rather plaintiff submitted a statement of facts. While the Court notes the deficiency in the form of plaintiff's opposition, this Court has "broad discretion to determine whether to overlook a party's failure to comply with local rules . . . and [n]othing in . . . the Civil Rules of the Southern District requires a court to punish a party for noncompliance." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 108 n.2 (2d Cir. 2006) (internal quotation marks omitted) (citations omitted).

pled guilty to one of the crimes for which he was arrested.[2] Cameron v. Fogarty, 806 F.2d 380, 386-87 (2d Cir. 1986) (holding that "a person who has been convicted of the crime for which he was arrested is barred from recovering" under section 1983 for a claim for false imprisonment or malicious prosecution, "sometimes colloquially called an action for 'false arrest'"). "Since a guilty plea is the equivalent of a conviction, a guilty plea will also bar a § 1983 false arrest claim." Hernandez v. City of New York, No. 00 Civ. 9507, 2004 WL 2624675, at *5 (S.D.N.Y. Nov. 18, 2004).

Here, plaintiff was arrested for, and initially charged with, Criminal Possession of a Weapon in the Second Degree and Criminal Possession of a Controlled Substance in the Fifth Degree With Intent to Sell. (See Francolla Decl., Exhibit "B."). He pled guilty to Attempted Criminal Possession of a Weapon in the Second Degree, in satisfaction of all charges against him. That plaintiff pled guilty to only one of the two initial charges—and to a lesser charged offense—nevertheless precludes recovery under section 1983 for false arrest. See, e.g., Allison v. Farrell, No. 97 Civ. 2247, 2002 WL 88380, at *4 (S.D.N.Y. Jan. 22, 2002) ("[I]t is of no moment that [plaintiff] pled guilty to a lesser charge arising out of the events that took place on the day of his arrest.") (citations omitted); Papeskov v. Brown, No. 97 Civ. 5351, 1998 WL 299892, at *5 (S.D.N.Y. June 8, 1998) ("[A] plea of guilty, even to a charge lesser than that for which the plaintiff was arrested, bars a § 1983 action.") (citations omitted).

Plaintiff has not shown that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Under Heck, a plaintiff is barred from recovering

---

[2] The state prosecution of an individual is a matter of public record, of which a court may take judicial notice. Shmueli v. City of New York, 424 F.3d 231, 233 (2d Cir. 2005). This Court takes judicial notice of plaintiff's conviction by guilty plea.

damages under section 1983 if the award would imply the invalidity of plaintiff's conviction. See Younger v. City of New York, 480 F. Supp. 2d 723, 730 (S.D.N.Y. 2007) (dismissing plaintiff's claims for false arrest, false imprisonment and malicious prosecution because, if successful, they would render plaintiff's conviction invalid). Thus, his "guilty plea establishes that there was probable cause for his arrest" and "stands as a complete bar to any claims of false arrest . . . and malicious prosecution under Section 1983." Smith v. P.O. Canine Dog Chas, No. 03 6240 KMW DF, 2004 WL 2202564, at *6 (S.D.N.Y. Sept. 28, 2004).

Accordingly, defendants' motion to dismiss plaintiff's claim for false arrest is granted.

B. Malicious Prosecution

Plaintiff's guilty plea negates a required element of his malicious prosecution claim: a showing that the underlying proceeding terminated in his favor. A claim for malicious prosecution brought under section 1983 to vindicate plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizure is "substantially the same" as a claim for malicious prosecution under state law. See Heck, 512 U.S. at 486-87; Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003). To state a claim for malicious prosecution under New York law plaintiff must show "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Id. at 136 (internal quotation marks omitted). "Favorable termination is not so much an element of a malicious prosecution claim as it is a prerequisite to commencement of the action." Janetka v. Dabe, 892 F.2d 187, 189 (2d Cir. 1989). When a charge is dismissed as part of a plea bargain, the dropped charge is not a favorable termination sufficient to support a malicious prosecution claim. See Posr v. Court Officer Shield # 207, 180 F.3d 409, 418

6

(2d Cir. 1999) ("[I]f the outcome was the result of a compromise to which the accused agreed . . . it is not a termination in favor of the accused for purposes of a malicious prosecution claim." (internal quotation marks and citation omitted)).  Therefore, plaintiff's guilty plea for Attempted Criminal Possession of a Weapon in the Second Degree in satisfaction of all charges is not a favorable termination on the charge dismissed as part of the plea deal.

Based on plaintiff's conviction and failure to show a favorable termination, defendants' motion to dismiss plaintiff's claim for malicious prosecution is granted.

C.      Excessive Force

A claim that excessive force was used "in the course of an arrest, investigatory stop or other 'seizure' of a free citizen [is] most properly characterized as invoking the protections of the Fourth Amendment." Graham v. Connor, 490 U.S. 386, 387 (1989).  Accordingly, plaintiff's excessive force claim will be analyzed under Fourth Amendment principles.[3]

When excessive force is alleged, a court must determine "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397.  This standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396.  Because the standard is objective reasonableness, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, . . . violates the Fourth Amendment." Id. at 396 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).

---

[3] In addition to listing a Fourth Amendment violation in his complaint, plaintiff also asserts that the defendants violated the prohibition against the infliction of cruel and "inhumane" punishment, which implicates the Eighth Amendment.  (Compl. ¶ 5.)  Reading the complaint liberally and because he was not then incarcerated pursuant to a judgment of conviction, plaintiff's claim of use of excessive force during his arrest will be deemed to have been asserted under the Fourth and Fourteenth Amendments.

7

A "de minimis use of force will rarely suffice to state a Constitutional claim." Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993); see also Rincon v. City of New York, No. 03 Civ. 8276, 2005 WL 646080, at *5 (S.D.N.Y. Mar. 21, 2005) (rejecting claim of excessive force where plaintiff alleged that the officer threw her to the ground, causing her stitches to open and was treated for a swollen leg and wrist, because the force was de minimis). Further, "it is clear that some type of injury is required to prevail on a § 1983 excessive force claim." Castro v. County of Nassau, 739 F. Supp. 2d 153, 177 n. 16 (E.D.N.Y. 2010). However, an individual does not need to sustain a severe injury to maintain a claim. See Robison v. Via, 821 F.2d 913, 924 (2d Cir. 1987) ("If the force used was unreasonable and excessive, the plaintiff may recover even if the injuries inflicted were not permanent or severe.").

Plaintiff states in his Complaint that he was "[taunted] [] with firearms and harsh yet vulgar language and racial slurs." (Compl. ¶ 7.) He also asserts the "officers physical[ly] brutalized me through harsh and racially motivated [g]estures and comments." (Compl. p. 4.) No other facts showing injury are set forth in the Complaint. In plaintiff's Affirmation in Opposition to Motion to Dismiss, he claims the officers surrounded his vehicle with "weapons drawn . . . [and] were very loud and using profanity." (Docket # 12.) He also asserts he was pulled out of his car and "thrown flat on [his] face unto the filthy ground." (Id.)

These allegations do not rise to the level of force that is more than de minimis. Merely placing tight handcuffs on a suspect is not enough for an excessive force claim. See Grant v. City of New York, 500 F. Supp. 2d 211, 217 (S.D.N.Y. 2007) ("Frequently, a reasonable arrest involves handcuffing the suspect and to be effective handcuffs must be tight enough to prevent the arrestee's hands from slipping out."). Similarly, the verbal abuse, on its own, is not actionable. See Miro v. City of New York, No. 95 Civ. 4331, 2002 WL 1163580, at *5 (S.D.N.Y. June 3, 2002)

("[A]n arresting officer's use of racial epithets does not constitute a basis for a § 1983 claim."). Further, it is not excessive for the officers to draw their guns during the arrest. See Bolden v. Vill. Of Monticello, 344 F. Supp. 2d 407, 419 (S.D.N.Y 2004) ("[In] executing a search warrant for drugs . . . it is reasonable for police officers to enter a residence with guns draw to secure the area and prevent harm to themselves or others.") (citing Speights v. City of New York, No. 98 Civ. 4635(NG), 2001 WL 797982 (E.D.N.Y. June 18, 2001)). There is no assertion that having been "thrown flat on [his] face unto the filthy ground" resulted in any specific or identifiable physical or mental injury and harm beyond a conclusory assertion which, standing alone, is insufficient under Twombly and Iqbal. See Castro, 739 F. Supp. 2d at 177.

Therefore, defendants' motion to dismiss plaintiff's claim for excessive force is granted.

   D.         Deprivation of Federal Civil Rights

Plaintiff also alleges that the defendants violated his Fifth and Sixth Amendment Rights. (Compl. ¶ 5.) The Court will examine these remaining claims in turn.

       I.         Fifth Amendment

Plaintiff claims that his Due Process rights were violated because he was not read his Miranda rights, and he did not have an attorney during custodial interrogation. The Supreme Court has repeatedly held that Miranda warnings and right to counsel are not themselves required by the Constitution but are rather procedural safeguards to insure that a suspect's Fifth Amendment rights are not violated. See, e.g., J.D.B. v. North Carolina, 131 S.Ct. 2394, 2401 (2011). The appropriate remedy for the failure to read a suspect his Miranda warnings is the exclusion of any self-incriminating evidence, not liability under section 1983. Neighbour v. Covert, 68 F.3d 1508, 1510 (2d Cir. 1995). Thus, the officers' failure to inform plaintiff of his rights under Miranda does not, without more, result in section 1983 liability.

II.     Sixth Amendment

Plaintiff claims that he was subjected to "cruel and inhumane" punishment because the detectives' conduct "was in conflict of departmental procedures." (Compl. p. 4.) Although plaintiff lists this as a Sixth Amendment violation, it appears he intended to assert a violation of the Eighth Amendment. The Sixth Amendment right to counsel would not attach until the Government commits itself to prosecution by initiating adversary judicial proceedings, Moran v. Burbine, 475 U.S. 412, 321 (1986). However, plaintiff's complaint alleges only a lack of representation during his initial interrogation before arraignment. (Compl. p. 3.) Similarly, the Eighth Amendment does not attach until after conviction and sentencing, as "it was designed to protect those convicted of crimes." Ingraham v. Wright, 430 U.S. 651, 664 (1977). Because these claims concern actions prior to his conviction, plaintiff's Eighth Amendment and Sixth Amendment claims are dismissed.

III.    The NYPD and PBND Are Not Suable Entities

The NYPD and PBND move to dismiss on the grounds that neither is a suable entity. An entity's capacity to be sued is determined by state law. Fed. R. Civ. P. 17(b). Chapter 17, section 396 of the New York City Charter provides that "all actions and proceedings for the recovery of penalties for violation of any law shall be brought in the name of the city of New York and not that of any agency except where otherwise provided by law." As agencies of the City of New York, therefore, the NYPD and the PBND are non-suable entities. See Ximines v. George Wingate High Sch., 516 F.3d 156, 160 (2d Cir. 2008) ("Section 396 of the Charter has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued."); East Coast Novelty Co. v. City of New York, 781 F.Supp. 999, 1010 (S.D.N.Y. 1992) (finding that Police Department, as an agency of the City, and Property Clerk, as a subdivision of the Police Department, are not suable entities).

IV.     Municipal Liability

10

IV.     Municipal Liability

Construing the claims against the NYPD and PBND as having been asserted against the City of New York under 42 U.S.C. § 1983, plaintiff has still failed to state a claim for municipal liability. "Monell does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006) (emphasis in original) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). Because plaintiff's potential claims against the City of New York depend upon the existence of an independent constitutional violation and as this Court has found that none have been stated, plaintiff's Monell claims will be dismissed.

CONCLUSION

For the reasons set forth above, the defendants' motions to dismiss are GRANTED. The Clerk of the Court shall enter judgment in favor of the defendants.

SO ORDERED.

```
                                    _____
                                           P. Kevin Castel
                                       United States District Judge
```

Dated: New York, New York
       July 20, 2011

11